# WEST *v.* CONRAIL ET AL.

No. 85–1804.   Argued February 25, 1987—Decided April 6, 1987

STEVENS, J., delivered the opinion for a unanimous Court.

*Paul Alan Levy* argued the cause for petitioner. With him on the briefs were *Alan B. Morrison* and *Arthur L. Fox II*.

*Laurence Gold* argued the cause for respondents. With him on the brief for respondents Brotherhood of Maintenance of Way Employes, Local 2906, et al. were *William J. Birney, William G. Mahoney,* and *David Silberman. W. Cary Edwards,* Attorney General of New Jersey, *James J. Ciancia,* Assistant Attorney General, and *Jeffrey Burstein,* Deputy Attorney General, filed a brief for respondent New Jersey Transit Corp. *Lucy S. L. Amerman, John B. Rossi, Jr.,* and *Bruce B. Wilson* filed a brief for respondent Consolidated Rail Corporation.

JUSTICE STEVENS delivered the opinion of the Court.

Petitioner Thomas West brought a "hybrid" suit against his employer, his union, and his union representative under the Railway Labor Act. He alleged that the employer had breached the collective-bargaining agreement and that the union and its representative had breached their duty of fair representation. The parties agree, for the purpose of our review of the Court of Appeals' judgment, that petitioner's cause of action accrued on March 25, 1984, the date petitioner learned of the alleged breach of the union's duty of fair representation. His complaint was filed on September 24, 1984, less than six months after the statute of limitations began to run. The summonses and complaints were mailed to respondents on October 10, 1984. Respondents acknowledged service of the complaint on dates ranging from October 12, 1984, through November 1, 1984. Thus, both the date on which the complaints were mailed and the date when the first acknowledgment of service was made were more than six months after the statute began to run.

Because service was not effected within the 6-month period prescribed in § 10(b) of the National Labor Relations Act,[1]

---

[1] Section 10(b) of the National Labor Relations Act, 49 Stat. 453, as amended, 29 U. S. C. § 160(b), provides:

the District Court granted respondents' motion for summary judgment. App. to Pet. for Cert. 15a. The Court of Appeals for the Third Circuit affirmed. 780 F. 2d 361 (1986). We granted certiorari, 478 U. S. 1004 (1986), because the Third Circuit's decision is at odds with a decision of the Court of Appeals for the Sixth Circuit, *Macon* v. *ITT Continental Baking Co.*, 779 F. 2d 1166 (1985), cert. pending, No. 85–1400.

Congress did not enact a federal statute of limitations that is expressly applicable to federal duty of fair representation claims. In *DelCostello* v. *Teamsters*, 462 U. S. 151 (1983), we filled that gap in federal law by deciding that the 6-month period prescribed in § 10(b) should be applied to hybrid claims under § 301 of the Labor Management Relations Act, 1947, 29

---

"Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board or a member thereof, or before a designated agent or agency, at a place therein fixed, not less than five days after the serving of said complaint: *Provided,* That *no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made,* unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces, in which event the six-month period shall be computed from the day of his discharge. Any such complaint may be amended by the member, agent, or agency conducting the hearing or the Board in its discretion at any time prior to the issuance of an order based thereon. The person so complained of shall have the right to file an answer to the original or amended complaint and to appear in person or otherwise and give testimony at the place and time fixed in the complaint. In the discretion of the member, agent, or agency conducting the hearing or the Board, any other person may be allowed to intervene in the said proceeding and to present testimony. Any such proceeding shall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States, adopted by the Supreme Court of the United States pursuant to section 2072 of title 28." (Emphasis added.)

U. S. C. § 185.[2]  Section 10(b) authorizes the National Labor Relations Board (NLRB) to issue a complaint when a charging party asserts that an employer or a union has engaged in an unfair labor practice.  The statute does not impose any time limit on the issuance of such a complaint, but it does provide that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made . . . ."  See n. 1, *supra*.[3]  Given our holding in *DelCostello*, the Court of Appeals read this statutory language to require in hybrid suits of this kind that both the filing and the service of the complaint be made within the 6-month period of limitations.  We did not, however, intend that result.

The only gap in federal law that we intended to fill in *DelCostello* was the appropriate limitations period.  We did not intend to replace any part of the Federal Rules of Civil Procedure with any part of § 10(b) of the National Labor Relations Act.  Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint with the court, and Rule 4 governs the procedure for effecting service and the period within which service must be made.  The clerk of the district court must "forthwith issue a

---

[2] Although *DelCostello* and the Sixth Circuit's opinion in *Macon* v. *ITT Continental Baking Co.*, 779 F. 2d 1166 (1985), both involved a hybrid action brought under § 301 of the Labor Management Relations Act, 1947, 29 U. S. C. § 185, rather than a hybrid action brought under the Railway Labor Act, the parties agree that § 10(b) provides the applicable statute of limitations in this case.  We find no reason to distinguish the Labor Management Relations Act, 1947, from the Railway Labor Act for the limited purpose of determining whether service must be effected within the limitations period.

[3] Under § 10(b), the employee's charge is timely if a copy is served personally or mailed within the limitations period.  See 29 CFR § 102.113(a) (1986).  The complaint in an unfair labor practice proceeding is filed by the General Counsel after he or she has investigated the employee's charge.  See 29 U. S. C. § 153(d).

summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." Fed. Rule Civ. Proc. 4(a). Service must normally be made within 120 days. See Rule 4(j). Although we have not expressly so held before, we now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period.[4] See 4 C. Wright & A. Miller, Federal Practice and Procedure § 1056 (1969). We decline respondents' invitation to require that when a federal court borrows a statute of limitations to apply to a federal cause of action, the statute of limitation's provisions for service must necessarily also be followed, even when the borrowed statute is to be applied in a context somewhat different from the one in which those procedural rules originated.[5]

Inevitably our resolution of cases or controversies requires us to close interstices in federal law from time to time, but when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than neces-

---

[4] When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether service must be effected within that period. *Walker* v. *Armco Steel Corp.*, 446 U. S. 740, 752–753 (1980). Respect for the State's substantive decision that actual service is a component of the policies underlying the statute of limitations requires that the service rule in a diversity suit "be considered part and parcel of the statute of limitations." *Id.*, at 752 (footnote omitted). This requirement, naturally, does not apply to federal-question cases. Indeed, *Walker* expressly declined to "address the role of Rule 3 as a tolling provision for a statute of limitations, whether set by federal law or borrowed from state law, if the cause of action is based on federal law." *Id.*, at 751, n. 11.

[5] Our holding that the statute of limitations was tolled when the complaint was filed eliminates the potential difficulty of determining the actual dates on which service of the complaint was made on the various defendants.

sary.[6]  Here, because of the availability of Rule 3, there is no lacuna as to whether the action was brought within the borrowed limitations period.[7]

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

---

[6] In some cases, the determination of the length of the borrowed period may require examination of the tolling rules that are followed in the jurisdiction from which the statute of limitations is borrowed.  See, *e. g., Wilson* v. *Garcia,* 471 U. S. 261, 269 (1985) (suggesting that length of limitations period and "closely related questions of tolling and application" are governed by state law in action brought under 42 U. S. C. § 1983); *Chardon* v. *Fumero Soto,* 462 U. S. 650, 661–662 (1983) (§ 1988 requires borrowing Puerto Rico's statute of limitations and its rule that, after tolling ends, the statute of limitations begins to run anew in § 1983 action); *Board of Regents, Univ. of N. Y.* v. *Tomanio,* 446 U. S. 478, 484–485 (1980) (§ 1988 requires federal courts in § 1983 actions to refer to state statute of limitations and coordinate tolling rules unless state law is inconsistent with federal law).  The governing principle is that we borrow only what is necessary to fill the gap left by Congress.

[7] Respondents also argue that § 10(b)'s service requirement must be adopted in order to assure that defendants receive prompt notice of suit against them.  The requirement of timely service in Rule 4(j) satisfies this need without recourse to the service requirement of § 10(b).  While it is possible that a defendant will not be served with the complaint until 10 months after the cause of action accrues, this result is not inconsistent with our adoption of a 6-month statute of limitations for breach of contract/ breach of duty of fair representation claims.  See *DelCostello* v. *Teamsters,* 462 U. S. 151 (1983).  The administrative scheme for unfair labor practices only requires that the *charge* be filed and served within six months of the date the cause of action accrued.  The defendant does not receive the complaint, if any, until the General Counsel has investigated the charge and decided to proceed.  Under both the administrative procedure for unfair labor practices and the judicial procedure for hybrid claims, the statute of limitations and the tolling provisions extinguish stale claims; they guarantee that the defendant is not subject to suit for conduct that occurred more than six months before the complaining party initiates appropriate legal process, by filing either a charge with the NLRB or a complaint in federal court.