820 F.2d 90
 125 L.R.R.M. (BNA) 2846, 106 Lab.Cas. P 12,399
 Thomas WEST, Appellant,
v.
CONRAIL, a Foreign Corporation; Brotherhood of Maintenance
of Way Employees, Local No. 2906, a Foreign Corporation;
New Jersey Transit, a Corporation of the State of New
Jersey; and Anthony Vincent.
 No. 85-5129.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
May 18, 1987.
 Decided June 3, 1987.
 
 Louis B. Youmans, and Allen K. Mukaida, Trenton, N.J., for appellant.
 Lucy S.L. Amerman, Consol. Rail Corp., Philadelphia, Pa., for appellee Consol. Rail Corp.
 J. Charles Sheak, Brener, Wallack & Hill, Princeton, N.J., William Birney, Highsaw & Mahoney, Louis P. Malone, III, General Counsel, Broth. of Maintenance of Way Employees, Washington, D.C., for appellee Broth. of Maintenance of Way Employees.
 W. Cary Edwards, Atty. Gen. of New Jersey, and Jeffrey Burstein, Deputy Atty. Gen., Newark, N.J., for appellee New Jersey Transit Corp.
 Before GIBBONS, Chief Judge, and SEITZ and STAPLETON, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 In West v. Conrail, 780 F.2d 361 (3d Cir.1985) we held that the service requirement of section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) (1982), applied in hybrid breach of contract/breach of duty of fair representation suits. The Supreme Court, however, reversed, holding that when the underlying cause of action is based on federal law, as it is here, Rules 3 and 4 of the Federal Rules of Civil Procedure govern when service of process must be completed. See West v. Conrail, --- U.S. ----, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987).
 
 
 2
 The plaintiff here, Thomas West, filed his complaint against the defendants in the United States District Court for the District of New Jersey on September 24, 1984, within six months of his alleged discovery of the inaction by his union. Copies of the complaints and summonses were mailed on October 11, 1984, and the defendants acknowledged service on dates ranging from October 12, 1984 through November 1, 1984. In light of the Supreme Court's decision both the commencement and the service of process were timely. See Fed.R.Civ.P. 3, 4(a), 4(j).
 
 
 3
 Consequently, the district court's order, granting summary judgment in favor of Conrail because the action was timebarred, will be reversed for the reasons set forth in the Supreme Court's opinion and the case is remanded to the district court for further proceedings.