**JACKSON, Albert S., Jr., Appellant,**

v.

**The NATIONAL MARITIME UNION OF AMERICA, AFL–CIO.**

**No. 86–1544.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 19, 1987.

Decided June 30, 1987.

William D. Bubb, Sheldon N. Sandler, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for appellant.

Ned R. Phillips, Phillips & Cappiello, P.C., New York City, for appellee.

Before HIGGINBOTHAM and SLOVITER, Circuit Judges, and ROTH, District Judge.[*]

**OPINION OF THE COURT**

PER CURIAM:

In *West v. Conrail*, —— U.S. ——, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), the United States Supreme Court explained the significance of its decision in *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *West*, the Court noted that *DelCostello* had filled a gap in federal law by determining that the six-month limitation period prescribed in

* Honorable Jane R. Roth, United States District Court Judge for the District of Delaware, sitting by designation.

§ 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b) (1982), should be applied to hybrid claims under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982). The Court went on, however, explicitly to hold that it did not intend, by so filling a gap in the federal law, "to replace any part of the Federal Rules of Civil Procedure with any part of § 10(b) of the National Labor Relations Act." *West v. Conrail*, __ U.S. __, 107 S.Ct. at 1541. Rather, the Court found that "Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint with the court, and Rule 4 governs the procedure for effecting service and the period within which service must be made." *Id.* Rule 4(j) of the Federal Rules requires that service normally be made within 120 days of filing. *Id.*

Here, the parties concede that appellant's cause of action under § 301 accrued on January 7, 1985 at the earliest. The parties also concede that appellant filed his claim on July 3, 1985, in accordance with Rule 3, and within six months of the accrual of his claim. It is also agreed that appellee was served with the complaint no later than July 16, 1985, within 120 days from July 3, 1985, in accordance with Rule 4(j) of the Federal Rules, and in accordance with all other provisions of Rule 4. Since *West* establishes that valid Rule 4 service is valid service for purposes of § 301, and since appellant properly filed under Rule 3 within the *DelCostello* period, appellant's claim was not time-barred. *See West v. Conrail*, 820 F.2d 90 (3d Cir.1987) (per curiam) (service valid under Rule 3 and Rule 4 is valid service for hybrid claims).

Accordingly, the district court's order, 646 F.Supp. 699, granting summary judgment for appellee because the action was untimely will be reversed in light of *West* and this case remanded to the district court for further proceedings consistent with that opinion.