[Nos. F006881, F007212. Fifth Dist. Nov. 10, 1987.]

FRANK E. PIMENTAL, Plaintiff and Appellant, v.
SAFEWAY STORES, INC., et al., Defendants and Respondents.

**COUNSEL**

Sannar & Ophelia and Thomas C. Sannar for Plaintiff and Appellant.

Parker, Hume & Moger, Archie G. Parker, Van Bourg, Weinberg, Roger & Rosenfeld and William A. Sokol for Defendants and Respondents.

OPINION

STONE, J.*—

STATEMENT OF CASE AND FACTS

■ ■ fn. ■ Plaintiff appeals from an order of the superior court granting motion for summary judgment in favor of two defendants: U.C.F.W. Local 126 Union (Union) and Safeway Stores, Inc. (Safeway).[1]

Plaintiff was discharged on December 10, 1983, after approximately 20 years of employment as a butcher for Safeway. He allegedly "sold" himself a $30 salmon for $5.70 in violation of store policy. Plaintiff filed a grievance through Union, and a joint adjustment board heard the case on February 7, 1984. The board "deadlocked" and denied plaintiff arbitration on February 13, 1984. The Union, instead, negotiated a settlement with Safeway whereby plaintiff's personnel records would reflect a "voluntary quit."

On June 6, 1984, plaintiff filed a complaint for damages against defendants Safeway, Union, and individual employees of Safeway. The complaint alleged four causes of action: (1) wrongful discharge against defendant Safeway; (2) intentional infliction of emotional distress by individual defendant employees; (3) negligent infliction of emotional distress by the same individual defendants; and (4) breach of the duty of fair representation by defendant Union. Plaintiff did not serve defendants until September 14, 1984, more than six months after the occurrence of the alleged unfair labor practice, which took place on February 13, 1984.

Plaintiff's causes of action against defendants Safeway and Union were based on the National Labor Relations Act, namely, an employer's breach of a collective bargaining agreement and a union's breach of a duty of fair representation.

---

* Assigned by the Chairperson of the Judicial Council.

[1] The notice of appeal, filed March 6, 1986, also appears to appeal the judgments in favor of individual defendants. However, because plaintiff makes no argument before this court regarding these judgments, we consider any error in granting them to have been waived. (*Henderson* v. *Security Nat. Bank* (1977) 72 Cal.App.3d 764, 769 [140 Cal.Rptr. 388]; *Coronet Credit Corp.* v. *West Thrift Co.* (1966) 244 Cal.App.2d 631, 641-642 [53 Cal.Rptr. 433].)

All defendants filed answers and motions for summary judgment. The trial court, in its ruling on December 17, 1985, refused to grant Safeway's motion on the first cause of action. It granted Union's motion on the fourth cause of action on the basis that the action was barred by the six-month statute of limitations as provided in section 10(b) (29 U.S.C. § 160(b)) of the National Labor Relations Act. Summary judgment was filed January 7, 1986, in favor of Union and against plaintiff.

Safeway amended its answer and made a new motion for summary judgment on the first cause of action alleging a statute of limitations bar as an affirmative defense. The trial court granted Safeway's motion on April 24, 1986. Summary judgment was filed May 12, 1986.

## DISCUSSION

### I

Our conclusion that we must reverse based upon *West* v. *Conrail* (1987) 481 U.S. 35 [95 L.Ed.2d 32, 107 S.Ct. 1881] places the trial court in that frustrating position of having issued rulings that were correct at the time they were made, but erroneous by the time they are reviewed on appeal.

The parties agree that there is but one issue raised by this appeal, to wit: Whether the six-month statute of limitations provided in section 10(b) of the National Labor Relations Act requires that plaintiff need only file his complaint within six months of the alleged unfair labor practice, or that plaintiff must both file *and serve* the complaint within that time.

The record is clear that plaintiff filed his complaint against the Union and Safeway within six months after the denial of arbitration. It is equally clear that the defendants were served more than six months thereafter.

Section 10(b) of the National Labor Relations Act (49 Stat. 453, as amended, 29 U.S.C. § 160(b)) provides, in part, *"Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge . . . ." (Italics in original.)

Plaintiff was discharged more than six months after the Supreme Court decided *DelCostello* v. *Teamsters* (1983) 462 U.S. 151 [76 L.Ed.2d 476, 103 S.Ct. 2281], which determined that because Congress did not enact a specific federal statute of limitations applicable to federal duty of fair

representation claims, section 10(b) should apply to "hybrid"[2] claims under section 301 of the Labor Management Relations Act.

Following *DelCostello,* the Ninth Circuit Court of Appeals ruled that in order for a plaintiff to have complied with the section 10(b) statute of limitations, the complaint must be both filed and served within six months of the accrual of the cause of action. (*Gallon* v. *Levin Metals Corp.* (9th Cir. 1986) 779 F.2d 1439, 1441, cert. granted 1987, 481 U.S. 1009 [95 L.Ed.2d 489, 107 S.Ct. 1881].) The Eleventh Circuit had reached the same conclusion. (*Williams* v. *Greyhound Lines, Inc.* (11th Cir. 1985) 756 F.2d 818, 820; *Dunlap* v. *Lockheed-Georgia Co.* (11th Cir. 1985) 755 F.2d 1543, 1544; *Simon* v. *Kroger Co.* (11th Cir. 1984) 743 F.2d 1544, 1546, cert. den. 1985, 471 U.S. 1075 [85 L.Ed.2d 511, 105 S.Ct. 2155].)

At this point, then, the trial court was correct in granting judgment in favor of Safeway and the Union against plaintiff.

In the meantime, however, the Supreme Court issued its opinion in *West* v. *Conrail, supra,* also a "hybrid" suit against an employer, a union and a union representative. The court disapproved the interpretation that the Ninth and Eleventh Circuits had given *DelCostello,* which required both filing and service within six months, and stated, "Given our holding in DelCostello, the Court of Appeals read this statutory language to require in hybrid suits of this kind that both the filing and the service of the complaint be made within the six-month period of limitations. We did not, however, intend that result." (*West* v. *Conrail, supra,* 481 U.S. at p. 38 [95 L.Ed.2d at p. 37].)

■ The Supreme Court held, unequivocally, that the holding in *DelCostello* requires only that the complaint be filed in order to satisfy the period of limitations. The service of the complaint is governed by the Federal Rules of Civil Procedure, applicable to all civil actions.

## II

■ The only remaining consideration is whether the holding in *West* v. *Conrail, supra,* is retroactive, so that it is applicable to this action.

---

[2] "Hybrid" claims, as used throughout the opinions cited, are claims against the employer for breach of the collective bargaining agreement and against the union for breach of duty of fair representation. Plaintiff's complaint alleges such a hybrid claim.

By the very language of *West,* that decision merely corrects the misapplication of *DelCostello* by certain circuit courts. We are told what the Supreme Court intended by its prior holding: "The only gap in federal law that we intended to fill in DelCostello was the appropriate limitations period. We did not intend to replace any part of the Federal Rules of Civil Procedure with any part of § 10(b) of the National Labor Relations Act." (*West* v. *Conrail, supra,* 481 U.S. at p. 38 [95 L.Ed.2d at p. 37].)

*DelCostello* was the law at the time of the alleged unfair labor practice, since it had been rendered by the Supreme Court approximatly six months before the Union denied arbitration. Under any recognized standard, state or federal, the holding of *West* v. *Conrail, supra,* is retroactive.

"It is the general rule that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation and that the effect is not that the former decision was bad law but that it never was the law." (*County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680-681 [312 P.2d 680].) The principle set out in *Faus* is reaffirmed in *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943, 953-954 [148 Cal.Rptr. 379, 582 P.2d 970].

Here, the limited holding of *West* overrules not a principle previously established by the Supreme Court, but a series of court of appeals rulings made by various circuits which incorrectly interpreted an earlier Supreme Court holding.

Turning to the rules applicable to retroactivity in the federal context, the first question that must be asked is whether the decision establishes a new rule or a sharp break from past law. If it does not, it is to be applied retroactively. (*Chevron Oil Co.* v. *Huson* (1971) 404 U.S. 97, 106-107 [30 L.Ed.2d 296, 305-306, 92 S.Ct. 349]; *Hanover Shoe* v. *United Shoe Mach.* (1968) 392 U.S. 481, 495-498 [20 L.Ed.2d 1231, 1242-1244, 88 S.Ct. 2224].)

As previously noted, *West* does not enunciate a new rule or "clear break," but rather a clarification of a previously announced principle.

The judgment of January 7, 1986, is affirmed as to the second and third causes of action and reversed as to the fourth cause of action.

The judgment of May 12, 1986, is reversed. Appellant is to recover costs on appeal.

Woolpert, Acting P. J., and Ballantyne, J., concurred.