865 F.2d 1256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph BARNETT, Plaintiff-Appellant,
v.
David WILLIAMS, Warden; David Garretty, Defendants-Appellees.
 No. 88-7170.
 United States Court of Appeals, Fourth Circuit.
 Nov. 28, 1988.
 
 Ralph Barnett, appellant pro se.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ralph Barnett, a Virginia inmate, appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 complaint as time-barred. Barnett alleges in his complaint that he was placed in isolation without due process and was beaten by guards while handcuffed in violation of the Eighth Amendment. Barnett contends in a timely appeal that in dismissing the action as time-barred the district court failed to consider that he did not have access to legal materials and that he was not a lawyer.
 
 
 2
 We hold that the district court properly dismissed the case. There is no federal statute of limitations for Sec. 1983 actions, and the appropriate state statute applies. Burnett v. Grattan, 468 U.S. 42 (1984). The state statute governing personal injury is applied to all Sec. 1983 claims. Wilson v. Garcia, 471 U.S. 261 (1985). State tolling statutes are applied as well as state statutes of limitations. Board of Regents v. Tomanio, 446 U.S. 478 (1980). Virginia has a two-year statute of limitations for personal injury actions. Va.Code Ann. Sec. 801-243(A) (1950, as amended). Virginia tolls the statute of limitations when an action has been commenced and service of process is prevented by defendants who use direct or indirect means to obstruct the prosecution of the claim. Va.Code Ann. 8.01-229(D)(4) (1950, as amended). This provision is inapplicable here. Barnett claims only an interference with access to legal materials prior to the filing of his complaint, not an interference with subsequent service of process. Moreover, the date of filing, not the date of service, controls the timeliness of this action. See West v. Conrail, 55 U.S.L.W. 4466 (U.S. Apr. 6, 1987) (No. 85-1804). Barnett's complaint, alleging violations occurring in October and November 1983, was untimely when received by the district court for filing on May 13, 1988.
 
 
 3
 Furthermore, Barnett's contention that the district court erred by failing to consider that he is not a lawyer is without merit. Although pro se complaints are held to less stringent standards than those drafted by attorneys, there is no indication that the district court failed to consider that the complaint was filed pro se. See Cruz v. Beto, 405 U.S. 319 (1972).
 
 
 4
 We accordingly affirm the district court's order dismissing the case as frivolous under 28 U.S.C. Sec. 1915(d) because it was barred by the statute of limitations. Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.