**Raymond R. MOURADIAN, Plaintiff, Appellant,**

v.

**The JOHN HANCOCK COMPANIES, et al., Defendants, Appellees.**

**No. 90–1993.**

United States Court of Appeals, First Circuit.

Submitted Jan. 2, 1991.

Decided April 25, 1991.

Raymond R. Mouradian on brief, pro se.

Jay L. Seibert and Hart and Lamond, P.C. on brief, for defendants-appellees Middlesex Ins. Co., Sentry Ins. Co. and Frank Ballard.

Charles I. Cohen, Jonathan R. Mook, Ogletree, Deakins, Nash, Smoak and Stewart, Joseph F. Ryan and Lyne, Woodworth & Evarts on brief, for defendants-appellees The John Hancock Mut. Life Ins. Co., et al.

Richard Roesel, Warren H. Pyle and Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, P.C. on brief, for defendants-appellees The United Food & Commercial Workers Intern. Union, AFL–CIO, CLC.

Before TORRUELLA, SELYA and CYR, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the limitations period applicable to a "hybrid" Section 301 action, filed by the appellant against his former employer and the union that represented him at his former job, is governed by the military-service tolling provision contained in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), or by Section 205 of the Soldiers' and Sailors' Civil Relief Act (SSCRA), 50 U.S.C.App. § 525.

The relevant limitations period for hybrid Section 301 actions is six months, a rule obtained by "borrowing" the limitations period found in Section 10(b), which on its face governs only unfair labor practice claims. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The appellant filed his complaint some six months and five days after his claim accrued. The record shows that between the time his claim accrued and the time he filed his complaint the appellant, a member of the Naval Reserves, spent two days per month meeting with his reserve unit, and a two-week period on "active duty." The record also shows, however, that the appellant's military service did not actually prevent him from making a timely filing.

The choice of tolling provisions, therefore, is dispositive. If Section 10(b) supplies the applicable tolling rule, then the appellant's claim is time-barred, for Section 10(b) extends the period of limitations only if "the person aggrieved ... was prevented from filing such charge by reason of service in the armed forces...." The SSCRA, on the other hand, tolls the limitations period during a litigant's active military service regardless of whether he or she actually is prevented from filing by reason of his or her service, and thus would afford relief from the time bar to the appellant here. *See, e.g., Mason v. Texaco, Inc.*, 862 F.2d 242, 245 (10th Cir.1988); *Bickford v. United States*, 656 F.2d 636, 639–41, 228 Ct.Cl. 321 (1981); *Oberlin v. United States*, 727 F.Supp. 946, 947 n. 1 (E.D.Pa.1989).

The district court ruled that Section 10(b)'s tolling provision should apply. It reasoned (1) that while the SSCRA protected only the interests of servicemen, Section 10(b) struck a balance between "the competing, compelling interests of a strong national defense and the desire for repose in labor relations," and (2) that under settled rules of statutory construction a more specific statute, such as Section 10(b), should take precedence over a more general one, such as the SSCRA. *See Mouradian v. John Hancock Companies*, 751 F.Supp. 272, 275–76 (D.Mass.1990).

Where Section 10(b) applies *directly* (that is, in unfair labor practice cases), we have no doubt that its specific military-service tolling provision should take precedence over the more general SSCRA provision for exactly the reasons stated in the district court's opinion. In this case, however, Section 10(b) has potential application only as a "borrowed" statute. The distinction is an important one, *see American Postal Workers Union v. United States Postal Service*, 823 F.2d 466, 476 (11th Cir.1987), and it requires us to comment further before we affirm.

In *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), the plaintiff filed a hybrid Section 301 suit within the six-month limitations period, but did not serve the summons and complaint until after the six-month period had expired. Section 10(b) requires filing *and* service within six months. The district court therefore granted summary judgment to the defendants, and the court of appeals affirmed.

The Supreme Court, however, reversed. It noted that Section 10(b) applied to hybrid actions only as a "borrowed" statute of limitations, stated the general rule that when "closing interstices in federal law ... we borrow no more than is necessary," and ruled that the "only gap in federal law that we intended to fill in *DelCostello* was the appropriate limitations period." 481 U.S. at 38, 107 S.Ct. at 1541. Since Fed.R.Civ.P. 3 states generally that federal civil actions are "commenced" when the complaint is filed, there was "no lacuna" and no need to refer to Section 10(b) for anything but its limitations period. *Id.* at 40, 107 S.Ct. at 1542.

Using the *West* decision as a guide, several courts have declined to apply ancillary provisions in borrowed statutes of limitations which (1) regulate service of process, *American Postal Workers Union v. United States Postal Service*, 823 F.2d 466 (11th Cir.1987), (2) guarantee representation by counsel, *International Union of Operating Engineers v. Centor Contractors*, 831 F.2d 1309, 1312 (7th Cir.1987), and (3) prohibit retroactive application of the period of limitations. *Hemmings v. Barian*, 822 F.2d 688, 691 (7th Cir.1987).

In this case, however, the question is whether it is necessary to borrow Section 10(b)'s military-service *tolling* provision. Tolling provisions have a special relationship to the limitations periods that they modify, as the Supreme Court explained in *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). In *Tomanio*, a case brought under 42 U.S.C. § 1983, the issue was whether the limitations period (borrowed from state law, as is the rule in Section 1983 cases) should be tolled during the pendency of related state-court litigation. Quoting from *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Court said:

> Any period of limitation ... is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. In virtually all statutes of limitations the chronological length of the limitations period is interrelated with provisions regarding tolling, revival and questions of application. In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim.

446 U.S. at 485–486, 100 S.Ct. at 1795–96, quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. at 463–464, 95 S.Ct. at 1722.

This language suggests that when a court borrows a limitations period from an analogous state (or in this case, federal) statute of limitations, it must also import the borrowed statute's tolling provisions because the limitations period and the tolling provisions are set in balance or, as the Seventh Circuit has put it, are "inseparable." *Hemmings v. Barian*, 822 F.2d at 691. Since "the actual length of time within which suit must be brought ... depends on the generosity of the tolling provisions as well as on the period of years, to borrow the latter without the former could distort the state's determination regarding that length of time". *Id.*

We need not go so far as to state an absolute rule that requires the borrowed statute's tolling provisions to be used in all situations. *Cf. Hardin v. Straub*, 490 U.S. 536, 537, 109 S.Ct. 1998, 2000, 104 L.Ed.2d 582 (1989) (since limitations periods are interrelated with provisions regarding tolling, revival and questions of application, courts should not "unravel" borrowed state limitations rules unless their full application would defeat the goals of the federal statute at issue). It is enough to note that in its decision in *West v. Conrail*, the Supreme Court acknowledged that "[i]n some cases, the determination of the borrowed period may require examination of the tolling rules that are followed in the jurisdiction from which the statute is borrowed." 481 U.S. at 40, n. 6, 107 S.Ct. at 1542, n. 6. "The governing principle," the Court added, "is that we borrow only what is necessary to fill the gap left by Congress." *Id.*

We think it "necessary" to borrow Section 10(b)'s military-service tolling provision in this case. The policy concerns expressed in *Johnson* and echoed in *Tomanio* are of particular relevance here. Section 10(b) establishes a relatively short limitations period for unfair labor practice cases, and the Supreme Court adopted that limitations period for hybrid Section 301 cases precisely because Section 10(b) was "designed to ac-

commodate a balance of interests very similar to that at stake" in hybrid actions. *DelCostello v. Teamsters*, 462 U.S. at 169, 103 S.Ct. at 2293. Section 10(b)'s military-service tolling clause helps to maintain that balance by limiting its effect to situations in which the plaintiff actually suffers some prejudice by reason of his service. The SSCRA, on the other hand, creates an open-ended scheme under which the limitations period can be tolled almost indefinitely. *See* T. Folk, *Tolling of Statutes of Limitations Under Section 205 of the Soldiers' and Sailors' Civil Relief Act*, 102 Mil.L. Rev. 157, 158 (1983) (prevailing interpretation of SSCRA requires tolling limitations period during any period of military service). Thus, a decision to apply the SSCRA, rather than Section 10(b)'s military-service tolling provision, could seriously "distort" the balanced limitations rule that Congress crafted for unfair labor practice cases, and the courts adopted for hybrid Section 301 cases.

The decision of the district court is *affirmed*.