**DeKALB COUNTY SCHOOL DISTRICT, Plaintiff,**

v.

**M.T.V., Defendant.**

**No. CIV.A. 1:03–CV–956CAP.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 4, 2003.

Charles L. Weatherly, Sr., Wendy Alison Jacobs, Thomas W. Dickson, The Weatherly Law Firm, Atlanta, GA, for plaintiff.

Chris E. Vance, Office of Chris E. Vance, Decatur, GA, for defendant.

## ORDER

PANNELL, District Judge.

This matter is now before the court on the defendant's motion to dismiss [Doc. No. 4–1]. For the reasons set forth below, this motion is DENIED.

### Factual Background

In this action, the DeKalb County School District ("School District") seeks review of a decision issued by an administrative law judge ("ALJ") pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA").

On March 10, 2003, an ALJ entered a final decision in favor of the defendant, a nine year old disabled child, pursuant to the IDEA. In that decision, the ALJ ordered the School District to reimburse the defendant's parents for the provision of vision therapy services necessary for the defendant to receive a free appropriate public education as required by the IDEA.

On April 9, 2003, the School District filed this action appealing the ALJ's final decision. On that same day, counsel for the School District sent the defendant's counsel a letter requesting waiver of summons by May 9, 2003, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The defendant did not respond to the request, and the School District effected personal service on May 14, 2003.

The defendant now seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the

School District's failure to file and serve the complaint within the applicable statute of limitations.

## Legal Analysis

### I. The standard for considering a motion to dismiss

A Rule 12(b)(6) motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling on such a motion, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991).

### II. Application of the standard in this case

#### A. Provisions of the IDEA

The IDEA provides federal funding to assist state and local agencies in educating children with disabilities, and it conditions such funding upon a state's compliance with extensive goals and procedures set forth in the statute. 20 U.S.C. § 1400 *et seq.; Board of Educ. of the Hendrick Hudson Central School Dist. v. Rowley*, 458 U.S. 176, 179, 102 S.Ct. 3034, 3037, 73 L.Ed.2d 690 (1982). The primary purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A).

In order to effectuate this goal, the IDEA requires that state and local education agencies conduct an evaluation process to identify children with disabilities and to develop an annual individualized education program, or IEP, for each disabled child. *Id.* § 1414; *Walker County School Dist. v. Bennett*, 203 F.3d 1293, 1294 (11th Cir.2000). If the parents of a disabled child are dissatisfied with their child's IEP, the state or local agency is required to afford them an impartial due process hearing. *Id.* § 1415(f)(1). Any party aggrieved by the findings and decision made in that administrative proceeding has the right to bring a civil action in district court. *Id.* § 1415(I)(2)(A).

#### B. The relevant statute of limitations

■ The IDEA does not contain a specified statute of limitations governing appeals from final agency decisions. When Congress fails to specify a limitations period in federal legislation, courts must borrow the statute of limitations from the most analogous state statute, provided the borrowed limitations period is not inconsistent with underlying federal policies. *Cory D. v. Burke County School District*, 285 F.3d 1294, 1297 (11th Cir.2002) (citing *Oneida County v. Oneida Indian Nation*, 470 U.S. 226, 240, 105 S.Ct. 1245, 1254–55, 84 L.Ed.2d 169 (1985)).

■ The Eleventh Circuit has held that civil actions challenging an ALJ's final decision pursuant to the IDEA are most analogous to requests for judicial review under the Georgia Administrative Procedure Act. *Cory D.*, 285 F.3d at 1297–98. Accordingly, the appropriate borrowed limitations period in an IDEA action challenging an ALJ's final decision is 30 days. *Id.* at 1299–1301. The circuit court found that this relatively short limitations period "best serves the policies underlying the

IDEA," as "[t]he most effective means of ensuring disabled children receive an education tailored to meet their specific needs is to provide prompt resolution of disputes over a child's IEP," and, thus, "[a] brief limitations period guarantees students will receive their statutorily prescribed education when they can most benefit from it." *Id.* at 1299.

## C. Application of the statute of limitations in this case

█ In the instant case, the ALJ's final decision was issued on March 10, 2003. Therefore, based on the applicable 30–day statute of limitations, this action was due to be filed by April 9, 2003. The School District filed its complaint on that date, and on the same day it sent the defendant's counsel a letter requesting waiver of summons by May 9, 2003. The defendant did not respond. Accordingly, the School District effected personal service on May 14, 2003, three business days after the defendant's deadline for responding to the request for waiver of summons had expired. Based on these facts, the defendant contends that the School District failed to effect service within the requisite time period.

Because this action is brought pursuant to a federal statute, i.e., the IDEA, the Federal Rules of Civil Procedure govern commencement of the action, the procedure for effecting service, and the period within which service must be made. *See West v. Conrail,* 481 U.S. 35, 38–39, 107 S.Ct. 1538, 1541, 95 L.Ed.2d 32 (1987). The fact that the court borrowed a state statute of limitations is irrelevant to this issue, as the Supreme Court has expressly held that "when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been 'commenced' in compliance with Rule 3 within the borrowed period." *Id.* at 39, 107 S.Ct. at 1541. In so ruling, the Court declined the plaintiffs' request to "require that when a federal court borrows a statute of limitations to apply to a federal cause of action, the statute of limitation's provisions for service must necessarily also be followed . . . ." *Id.* This is because of the general rule that when a court must borrow a statute of limitations for a federal cause of action, it borrows no more than necessary. *Id.* at 39, 107 S.Ct. at 1542 (noting that in some instances courts may need to examine the tolling rules followed in the jurisdiction from which the statute of limitations is borrowed). *See also American Postal Workers Union v. United States Postal Service,* 823 F.2d 466, 477 (11th Cir.1987) (applying this rule to an action brought pursuant to the Postal Reorganization Act and ultimately concluding that "if the plaintiff filed its complaint to 'commence' the action within [the applicable limitations period borrowed from state or federal law] (which it did), and effected proper service within 120 days of filing (which it did), then the actions are timely") (footnotes omitted).

Applying Federal Rules 3 and 4 in this instance, it is clear that the School District commenced this action on April 9, 2003, when it filed the complaint. Pursuant to Rule 4, the School District had 120 days after the filing of the complaint in which to serve the defendant. The School District complied with this provision, as the defendant was personally served on May 14, 2003. Additionally, the School District attempted to obtain a waiver of service prior to that time in accordance with Rule 4(d) by sending a letter to the defendant's

counsel—on the same day it filed the complaint—requesting waiver of summons.

Therefore, the court concludes that this action was commenced within the applicable 30-day statute of limitations, and that service was effectuated within the requisite time period.

### Conclusion

For the foregoing reasons, the defendant's motion to dismiss [Doc. No. 4-1] is DENIED.