OPINION
ROTH, Circuit Judge:
Kevin Russo appeals the final order of the United States District Court for the District of New Jersey, granting summary judgment for appellees, American Airlines, Inc. and Allied Pilots Association. We exercise plenary review over a grant of summary judgment. E.g., Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir.2008). We view the facts in a light most favorable to Russo and apply the same standard that guided the District Court. See id. Because the parties are familiar with the facts, we will describe them only as necessary to explain our decision. For the reasons discussed below, we will affirm.
Russo argues that (1) this Court should “modiffy]” Supreme Court precedent “to provide an exception” to the statute of limitations for his claim and that (2) equitable tolling applies to toll the statute of limitations. The District Court exercised jurisdiction under 28 U.S.C. § 1331; we have jurisdiction under 28 U.S.C. § 1391.
Under the Railway Labor Act, 45 U.S.C. § 151 et seq., a plaintiff can assert a “hybrid” claim against both his union for breaching its duty of fair representation and his employer for breaching its duties under the collective-bargaining agreement. West v. Conrail, 481 U.S. 35, 36, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987) (internal quotation marks omitted); see Childs v. Pa. Fed’n Bhd. Maint. Way Employees, 831 F.2d 429, 433 (3d Cir.1987). The statute of limitations for a hybrid claim is six months. See West, 481 U.S. at 38, 107 S.Ct. 1538; Childs, 831 F.2d at 433. When a union represents an employee in an arbitration proceeding, the hybrid claim accrues, and the six-month period starts running, when “the arbitration board denies the employee’s claim.” Bensel v. Allied Pilots Ass’n, 387 F.3d 298, 307 (3d Cir.2004). Russo concedes that he filed suit well outside the six-month period, but urges us to create an exception to Supreme Court precedent that would allow his suit to be timely. This argument fails because we, of course, do not modify binding Supreme Court precedent.
 Russo also argues that the District Court erred in declining to equitably toll the limitations period. We apply “[t]he doctrine of equitable tolling ... ‘sparingly.’ ” Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir.2005) (citation omitted) (quoting Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). There are three principal situations in which equitable tolling is appropriate:
(1) where the defendant has actively misled the plaintiff respecting the plaintiffs cause of action, and that deception causes non-compliance with an applicable limitations provision; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.
Id. But before a plaintiff can argue that his case involves one of those three situations, *819 he must satisfy a threshold requirement: “ ‘running throughout the equitable estop-pel cases is the obligation of the plaintiff to exercise due diligence to preserve his or her claim.’ ” Id. at 592 (quoting Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir.1997)).
Russo’s argument fails because he did not exercise due diligence to preserve his claim. He concedes that he chose to avert his attention from this matter for about sixteen months, focusing instead on his divorce proceedings.
The District Court did not err in granting summary judgment for appellees. For the reasons set forth above, we will affirm the judgment of the District Court.