14-0279-cv
*Martino v. Metro North Commuter Railroad Co., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand fourteen.

PRESENT:    RALPH K. WINTER,
            JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
                        *Circuit Judges.*

---

MICHAEL MARTINO,

     *Plaintiff-Appellant,*

       v.                                          No. 14-0279-cv

METRO NORTH COMMUTER RAILROAD COMPANY,
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
LOCAL DIVISION 9, MICHAEL F. DOYLE,

     *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          BARBARA E. GARDNER, Law Office of
                                      Barbara E. Gardner, Manchester, CT.


**FOR DEFENDANT-APPELLEE METRO
NORTH COMMUTER RAILROAD
COMPANY:**                            BECK S. FINEMAN, Ryan Ryan Deluca LLP,
                                      Stamford, CT.

**FOR DEFENDANTS-APPELLEES**
**ASSOCIATION OF COMMUTER RAIL**
**EMPLOYEES, LOCAL DIVISION 9,**
**DOYLE:**                                    VINCENT F. O'HARA, Holm & O'Hara LLP,
New York, NY.


Appeal from a June 24, 2013 judgment and a January 2, 2014 order of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the District Court be and hereby are **AFFIRMED**.

Plaintiff-appellant Michael Martino ("Martino") appeals the June 24, 2013 judgment of the District Court granting defendants' motion for judgment on the pleadings and the January 2, 2014 order denying plaintiff's motion for reconsideration. Martino's complaint brought a hybrid claim under the Labor Management Relations Act ("LMRA") against his former employer, Metro North Commuter Railroad Company, and against his former union, Association of Commuter Rail Employees ("ACRE"), and ACRE chairman Michael F. Doyle in his representative capacity, for breach of the collective bargaining agreement and breach of the union's duty of fair representation, respectively. Martino, a locomotive engineer, also unsuccessfully sought to vacate the arbitration award issued by a special adjustment board as part of a disciplinary action stemming from multiple failures to perform certain brake tests required by federal regulation and by Metro North. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the dismissal on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) by the same *de novo* standard applicable to dismissals under Fed. R. Civ. P. 12(b)(6). *Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech.*, 742 F.3d 42, 46 (2d Cir. 2014). In order to survive a motion for judgment on the pleadings, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks omitted). We must draw all reasonable inferences in favor of the plaintiff. *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). We review the denial of a motion for reconsideration for "abuse of discretion." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). *See generally In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion," which includes errors of law and clearly erroneous assessments of the evidence).

Martino's hybrid claim[1] contains two elements: "(1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-à-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983)). The claim of a breach of the union's duty of fair representation itself requires two elements: (1) conduct by the union toward a member that is "arbitrary, discriminatory, or in bad faith," *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) (citation omitted), and (2) a "causal connection between the union's wrongful conduct and [plaintiff's] injuries." *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998). A finding of arbitrary conduct is appropriate only if "the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). A finding of "bad faith requires a showing of fraudulent, deceitful or dishonest action." *White*, 237 F.3d at 179 (brackets omitted) (quoting *Sim v. N.Y. Mailers' Union No. 6*, 166 F.3d 465, 472 (2d Cir. 1999)). Our review of an alleged breach of the union's duty of fair representation is "highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities." *O'Neill*, 499 U.S. at 78.

In his complaint, Martino alleged the following five purported breaches by the union: (1) failure to object to prior disciplinary history cited in Metro North's brief, (2) failure to advance the "crucial" argument that Metro North's offer of reinstatement, which Martino declined, should be considered an admission that the discharge was not supported by just cause, (3) failure to present certain witnesses, including a Federal Railroad Administration Inspector and an expert on Metro North Rules, (4) failure to inform the arbitrators of the pending parallel appeal before the Locomotive Engineer Review Board ("LERB"), and (5) failure to "progress" three previous disciplinary incidents dating from 1997, 1998 and 2000 through the full appeals process. Second Am. Compl. ¶¶ 16-17, 20-25, 30; Appellant's Br. at 22-24; Appellee ACRE and Doyle's Br. at 20-21. Martino contends that these actions constitute breaches of his union's duty of fair representation, and consequently that the district court erred in dismissing his hybrid claim.

For essentially the reasons stated by the District Court, we conclude that Martino has failed to plead a plausible claim of breach of the union's duty of fair representation. Even when considered in the light most favorable to plaintiff, Martino has failed to show union conduct that is arbitrary or in bad faith. At most, his allegations support an inference of tactical error or negligence, neither of which amounts to a breach of the duty of fair representation. *See Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (quoting *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989)).

---

[1] Not at issue here, but mentioned in passing by Appellee Metro North, is whether Martino's hybrid claim was improperly brought under the LMRA, given that the parties are subject instead to the Railway Labor Act, 45 U.S.C. §§ 151 *et seq. See* Appellee's Br. at 9 n.5. Because, as Metro North acknowledges, hybrid actions are available pursuant to the Railway Labor Act, we need not decide this question here. *See West v. Conrail*, 481 U.S. 35, 36 (1987) (recognizing hybrid suit against an employer, union, and union representative under the Railway Labor Act).

3

Plaintiff's second claim to support vacatur of the arbitral award confirming his termination was also properly dismissed. Pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. § 153, First (q), an arbitral award may be set aside only (1) "for failure of the division to comply with the requirements of this chapter," (2) "for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or" (3) "for fraud or corruption by a member of the division making the order." Precedent in this Circuit adds as a fourth basis for vacatur due process violations. *Shafii v. PIC British Airways*, 22 F.3d 59, 63-64 (2d Cir. 1994).

As plaintiff acknowledges, the scope of judicial review of a labor board's arbitral decision is "among the narrowest known to the law." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978). *See also* Appellant's Br. at 26. Inasmuch as the case at bar constitutes a "minor dispute" regarding employee discipline and discharge, the Supreme Court "time and again has emphasized and re-emphasized that Congress intended minor grievances of railroad workers to be decided finally by the Railroad Adjustment Board." *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 810 (2d Cir. 2009) (quoting *Gunther v. San Diego & Ariz. E. Ry. Co.*, 382 U.S. 257, 263 (1965)). "[W]here fraud is not an issue we ask only whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it." *Id.* (quoting *CSX Transp., Inc. v. United Transp. Union*, 950 F.2d 872, 877 (2d Cir. 1991)).

Both below and on appeal, Martino's arguments primarily express his dissatisfaction with the prudence and judgment of the arbitral award, which is outside our scope of review. He exhumes many of the same facts alleged to be breaches of the union's duty of fair representation and then attempts unsuccessfully to fit them into the framework applicable to his vacatur claim. For instance, Martino alleges that the omission of the fact of the unrelated LERB appeal constituted a failure to comply with RLA procedural requirements; that the arbitrator's purported consideration of his prior disciplinary history (an allegation unsubstantiated by the record or by the arbitrator's report) constituted fraud; and that the arbitral board exceeded its jurisdiction by issuing a "wholly baseless" award. Appellant's Br. at 27-33; Second Am. Compl. ¶¶ 36-37. Martino further contends that he suffered due process violations because the board did not create a transcript of its proceedings, and because plaintiff was unable to call certain witnesses for reasons unspecified and unattributed to the board itself. Second Am. Compl. ¶ 36; Appellant's Br. at 31-33.

The district court already considered these arguments and found that they failed to establish any of the grounds required to set aside the arbitrator's award. *Martino v. Metro North Commuter R.R. Co., et al.*, No. 3:10-cv-1816(JBA), 2013 WL 3208548, at *8-10 (D. Conn. Jun. 24, 2013). Especially in light of the high threshold for vacatur of arbitral awards, we agree.

Finally, the district court did not abuse its discretion in denying Martino's motion for reconsideration, which essentially attempted to relitigate issues already resolved. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

4

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's June 24, 2013 judgment and January 2, 2014 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk