NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided August 31, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1025

| | |
|---|---|
| RON MORRIS, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | No. 16 C 2889 |
| RANDALL S. KNUTSON, <br>     *Defendant-Appellee*. | Gary Feinerman, <br> *Judge*. |

**O R D E R**

Ron Morris was fired from his job as a conductor for Burlington Northern Santa Fe Railway after an investigation revealed that he had failed to prevent a train carrying hazardous cargo from violating speed restrictions. Morris's labor union (the International Association of Sheet Metal, Air, Rail and Transportation Workers) appealed his dismissal to an arbitration board, which upheld the railway's decision.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

A year later he brought this suit against Randall Knutson, a union official he accuses of ineptly representing him before the arbitration board. His complaint invokes 42 U.S.C. §§ 1983, 1985, and 1986, but the district court construed it as asserting a claim that the union, through Knutson, breached its duty of fair representation under the Railway Labor Act (RLA), 45 U.S.C. §§ 151–65. The judge later granted a motion by Knutson to dismiss the suit as barred by the six-month statute of limitations, and Morris appeals that decision.

The RLA provides railroad employees an implied right of action against their unions for breach of the collective-bargaining agreement. *See Steffens v. Bhd. of Ry., Airline, & S.S. Clerks*, 797 F.2d 442, 445 (7th Cir. 1986) (citing *Steele v. Louisville & Nashville R.R. Co.*, 323 U.S. 192 (1944)). Because the RLA does not, itself, provide a limitations period, "we borrow the six-month statute of limitations from section 10(b) of the National Labor Relations Act." *United Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 563 F.3d 257, 269 (7th Cir. 2009); *see West v. Conrail*, 481 U.S. 35, 37–38 (1987). And where, as here, a plaintiff alleges that the union breached its duty of fair representation during arbitration proceedings, the six-month period begins to run whenever the union notifies the plaintiff that his appeal has been denied and that it will take no further action. *See Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407–08 (7th Cir. 1995). Morris received a copy of the board's final decision on March 8, 2015, but he did not file suit until March 7, 2016, which is why the district court dismissed the suit as untimely.

On appeal Morris contends that his claim did not accrue until October 5, 2015, when he received a seemingly innocuous email from a union official responding to a question he had asked about his prior disciplinary history. Morris somehow regards this as proof that Knutson's "poor representation" during the arbitration was part of a deliberate effort to block his reinstatement. Until he received the email, Morris says, he could have presented only "a weak case with little evidence" to support a fair-representation claim.

This explanation misses the mark because Morris acknowledges that he had *some* evidence of Knutson's supposed wrongdoing by March 8, 2015, the date when he received not only the board's decision but also copies of the written materials that Knutson had submitted to the board on his behalf. By his own admission, those materials contained "damaging and false" information about his disciplinary record that "severely impaired" his chances of winning his appeal. So Morris knew (or should have known) about Knutson's supposed misconduct no later than March 2015, and there is no reason he needed to gather additional evidence before filing suit, *see Bible v.*

*United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (recognizing that district court at pleading stage must treat allegations in complaint as true).

AFFIRMED.