495 F.Supp. 60 (1980)
MILLINERY WORKERS' UNION LOCAL 55/56 OF the UNITED HATTERS, CAP & MILLINERY WORKERS' INTERNATIONAL UNION; Miller Thomas, Doreather Johnson and Julia Schmitz, Individually and as officers of Local 55/56, Plaintiffs,
v.
UNITED HATTERS, CAP & MILLINERY WORKERS' INTERNATIONAL UNION; Nicholas Gyory, President Gerald R. Coleman, Sec-Treas., Individually and as representatives of international union Executive Board; and International Representative Rosylyn Sherman, Defendants.
No. 79-1282C(1).
United States District Court, E. D. Missouri, E. D.
May 19, 1980.
*61 J. F. Sounders, St. Louis, Mo., for plaintiffs.
Bruce S. Feldacker, St. Louis, Mo., for defendants.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because defendants' motion will be granted, other motions pending in this matter need not be considered.
This action arises under the provisions of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 401 et seq. There appears to be no dispute as to the pertinent facts. Defendant United Hatters, Cap & Millinery Workers' International Union (the "International") is an international union of headwear workers. Plaintiff Millinery Workers' Union Local 55/56 ("Local 55/56") is a local subordinate body of the International. Officers of both the International and Local 55/56 are also parties. On July 31, 1979, the General Executive Board ("G.E.B.") of defendant International adopted a resolution merging Local 55/56 with Local 17, another local subordinate body of the International, to form one consolidated local to be known as Local 17-55/56. Plaintiff Local 55/56 has about thirty five members and assets in excess of one thousand dollars per member. Local 17 has about two hundred and fifty members with assets of only about forty dollars per member. For obvious *62 financial reasons, Local 55/56 seeks in its complaint to enjoin the merger of its assets with those of Local 17.
Plaintiffs allege that giving effect to the merger resolution would violate the equal rights, freedom of speech and freedom of assembly protected by § 101 of the Act, 29 U.S.C. § 411 (the union members' "Bill of Rights"), that the merger constitutes the imposition of a trusteeship over plaintiff Local 55/56 within the meaning of § 3(h) of the Act, 29 U.S.C. § 402(h), that the trusteeship was imposed without due process and in violation of the Act, and that the actions of the International, the G.E.B., and the International's agents violate the fiduciary duties required of such persons by § 501 of the Act, 29 U.S.C. § 501.
The International claims, and Local 55/56 has not denied, that the sole purpose of the merger resolution was administrative efficiency. The membership of both Local 55/56 and Local 17 has fallen off dramatically in the last decade, but both continue to maintain separate bookkeeping staffs and offices. Article IV, § 21 of the Constitution of the International Union provides:

Sec. 21. The G.E.B. shall have the power to consolidate two or more Local Unions engaged in the same trade existing in one (1) city or locality.
In addition, Article XII, § 1 of the Constitution and By-Laws of Local 55/56 provides:
Sec. 1. All the lawful terms and provisions of the International Constitution shall be deemed incorporated herein by reference and be a part hereof as though set forth in full herein. In the event of any conflict between the provisions of this Constitution and the lawful provisions of the International Constitution, the provisions of the International Constitution shall be controlling.
The Constitution and By-Laws of a union constitute a contract between the union and its membership. See International Association of Machinists v. Gonzales, 356 U.S. 617, 618-19, 78 S.Ct. 923, 924, 2 L.Ed.2d 1018 (1958). Moreover, while it is true that this contract cannot be used to give a "carte blanche to union activity which is alleged to constitute a violation" of the LMRDA, Sabolsky v. Budzanoski, 457 F.2d 1245, 1252 (3rd Cir.), cert. denied 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972), courts should nonetheless accept the correctness of reasonable, lawful interpretations by the union's authorized officials of the Constitution and By-Laws. English v. Cunningham, 282 F.2d 848, 850 (D.C.Cir. 1960). This Court has no power under the LMRDA to enforce the provisions of the union Constitution and By-Laws, but can only intervene when they are applied in such a way as to deprive union members of rights guaranteed by the Act. See Navarro v. Gannon, 385 F.2d 512, 516, n.6 (2d Cir. 1967) cert. denied 390 U.S. 989, 88 S.Ct. 1184, 19 L.Ed.2d 1294 (1968) and cases cited therein. Consequently, since this Court finds that the Constitution and By-Laws of the International may fairly be read to allow merger of member locals by the International, the Court will only consider whether such a merger is prohibited by the LMRDA, and whether the merger was effected in a manner prohibited by the Act.
Plaintiffs' first contend that they have been deprived of their rights under the union members' Bill of Rights, § 101 of the LMRDA, 29 U.S.C. § 411, and that this deprivation was committed without notice and hearing as required by § 101(a)(5), 29 U.S.C. § 411(a)(5). In particular, they argue that the merger deprived them of their rights to attend, participate and vote on the business of Local 55/56. Viewed most narrowly, this contention is obviously correct, since after the merger Local 55/56 no longer exists as a separate entity. However, there is nothing in the record to indicate that the rights of Local 55/56 members equally to participate in the affairs of the new Local 17-55/56 will be in any way impaired. While no doubt the voting power of former Local 55/56 members will be considerably diluted, at the same time the new larger Local may well turn out to be a more effective collective bargaining agent for its members. This Court cannot say that such a trade-off is not a reasonable rule or regulation of the sort to which § 101 rights are *63 subject. See, e. g., Kahn v. Hotel and Restaurant Employees and Bartenders International Union, 469 F.Supp. 14, 21-22 (N.D. Cal.1977), aff'd 597 F.2d 1317 (9th Cir. 1979). Neither does the absence of a hearing invalidate the International's action. A merger or consolidation, by itself, is not "disciplinary action" within the meaning of § 101(a)(5). See Local No. 1 Broadcast Employees v. International Brotherhood of Teamsters, 419 F.Supp. 263, 273 (E.D.Pa. 1976); Carpenters Local 853 v. United Brotherhood of Carpenters, 83 L.R.R.M. 2759 (D.N.J.1972), aff'd 480 F.2d 919 (3rd Cir. 1973). To invoke the due process requirements of § 101(a)(5), some additional factor must be alleged along with mere merger or consolidation, such as invidiously discriminatory motivation. See Broadcast Employees, supra, 419 F.Supp. at 273; Carpenters Local 853, supra, 83 L.R.R.M. at 2764. Plaintiffs have made no such allegation.
Plaintiffs' second theory is that the merger amounts to a "trusteeship" within the meaning of § 3(h) of the LMRDA, 29 U.S.C. § 402(h), and that such trusteeship was imposed in violation of the Act. Section 3(h) defines "trusteeship" as:
[A]ny receivership, trusteeship, or other method of supervision or control whereby a labor organization suspends the autonomy otherwise available to a subordinate body under its constitution or bylaws.
Congress recognized the usefulness of the trusteeship device to international unions in controlling corruption, mismanagement, infiltration by subversives, and the like in local unions, but also realized that this procedure could be used as a pretext for plundering the resources of locals if allowed free rein. See Senate Report No. 187, [1959] U.S.Code Cong. and Admin.News, pp. 2318, 2333-336. This Court does not believe that the merger of Local 55/56 with Local 17 falls within the range of activities which Congress sought to regulate by means of the trusteeship provisions of the LMRDA: "Nothing in the legislative history indicates a Congressional intent to curb, limit or render ineffective the power to direct merger." Brewery Bottlers and Drivers Union Local 1345 v. International Brotherhood of Teamsters, 202 F.Supp. 464, 468 (E.D.N.Y.1962). The present situation is not one in which the International has broadly usurped the management of local affairs. In fact, the only control exercised was that necessary to effectuate the merger. As noted above, a union's constitution and by-laws constitute a contract between the union, its members and its affiliates. That contract gives the International, and not Local 55/56, control over the subject of merger of local unions. "If a subordinate body may properly be regarded as having no autonomy available to it in a particular situation, then there is nothing to suspend, and no trusteeship can exist within the meaning the Act . .." Union Trusteeships: Report of the Secretary of Labor to the Congress upon the Operation of Title III of the LMRDA, p. 34 (1962).
Plaintiffs maintain that to hold that a merger or consolidation does not constitute the imposition of a trusteeship would be "anomalous," in that a trusteeship merely suspends the autonomy of the local, whereas a merger or consolidation totally "wipes out" the organization. See Memorandum of Plaintiffs, p. 3, n.1 (filed October 31, 1979). This argument ignores the main evil to which the Act was addressed, namely, the exploitation of union members, not labor organizations. See LMRDA, § 2, 29 U.S.C. § 401 ("Congressional declaration of findings, purposes, and policy"). From the point of view of union members, trusteeship is by far the more drastic remedy, because it eliminates industrial democracy altogether, while merger or consolidation merely changes the forum in which democratic rights are exercised.
Plaintiffs' final theory is that certain officers and agents of the International, who are also defendants herein, have breached the fiduciary duties imposed upon them by § 501 of the Act, 29 U.S.C. § 501. The Court notes at the outset that the International is not a proper defendant under this theory. Section 501 imposes liability only on individuals. See Pignotti v. Local 3 Sheetmetal Workers International Association, 477 F.2d 825, 832 (8th Cir.); *64 cert. denied 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973); Sabolsky v. Budzanoski, supra, 457 F.2d at 1249; Woody v. Sterling Aluminum Products, Inc., 244 F.Supp. 84, 88-89 (E.D.Mo.1965), aff'd 365 F.2d 448 (8th Cir. 1966), cert. denied 386 U.S. 957, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967). But even as to the individual defendants, plaintiffs have produced no authority for the proposition that a merger carried out in accordance with the provisions of an international constitution is a breach of § 501 fiduciary duty. The only authority cited on point is to the contrary. See Kahn v. Hotel and Restaurant Employees and Bartenders International Union, supra, 469 F.Supp. at 18-19.
Leaving plaintiffs without a remedy in this case may seem unduly harsh. On the other hand, it is also possible that the merger may ultimately work to the benefit of the members of Local 55/56 as well as Local 17. Under the facts as presented, that is not a question concerning which this Court will substitute its judgment for the expertise of the officials of defendant International.