767 F.Supp. 1012 (1991)
Randall K. SMITH, Plaintiff,
v.
GENERAL COMMITTEE OF ADJUSTMENT OF UNION PACIFIC EASTERN REGION, INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS, et al., Defendants.
No. 89-1685C(6).
United States District Court, E.D. Missouri, E.D.
July 18, 1991.
*1013 Randall K. Smith, pro se.
Harold Ross, Cleveland, Ohio, Mary E. Davidson, St. Louis, Mo., for General Committee of Adjustment of Union Pacific Eastern Region and International Broth. of Locomotive Engineers.
Mark Goodwin, Kathleen Ford, Union Pacific R. Co., Omaha, Neb., for Union Pacific R. Co.

MEMORANDUM
GUNN, District Judge.
Plaintiff Randall K. Smith, proceeding pro se, brings this action against defendants General Committee of Adjustment of Union Pacific Eastern Region (GCA), International Brotherhood of Locomotive Engineers (BLE) and Union Pacific Railroad Company (UP). Plaintiff alleges that GCA and BLE breached the duty of fair representation and their obligations under sections 101(a)(1) and (2) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(1), (2) by consolidating the seniority districts and seniority rosters for the craft of locomotive engineers upon the merger of the UP, the Missouri Pacific Railroad (MP) and the Missouri-Kansas-Texas Railroad (MKT). Plaintiff further alleges that GCA and BLE breached the aforementioned obligations by using a work equity allocation method for the consolidation of the seniority rosters, rather than employing hiring dates with prior rights. Plaintiff also alleges that defendant UP "insisted implicitly or explicitly on such discriminatory treatment and accepted the benefits of and/or demanded ..." the allegedly illegal conduct of the defendant union. Complaint, ¶ 12.
This dispute arises out of the labor reorganizations ensuing from the merger of the Union Pacific, Missouri Pacific and Missouri-Kansas-Texas railroads. On May 16, 1988 the ICC approved the merger application filed by the three railroads. Coincident with the approval of the application, the ICC imposed the employee protective conditions formulated in New York Dock Ry.-Control-Brooklyn Eastern Dist., 360 I.C.C. 60 (1979). These conditions require the parties to negotiate a merger implementing agreement to allocate the newly integrated operations among the consolidated work force. Pursuant to the employee protective conditions, the merged railroad must pay dismissal and displacement allowances for six years to those employees who can prove that they were adversely affected by the merger.
Defendant BLE through its vice presidents, E.E. Watson, E.L. Hayden and Ronald McLaughlin negotiated an implementing agreement in the course of numerous negotiating sessions throughout 1987 and 1988. On August 23-24, 1988 the local chairmen of defendant GCA met with the representatives of UP and BLE in Dallas, Texas to review and discuss a draft of the proposed merger implementing agreement. Aff. of R.W. Windham, ¶¶ 13 & 23. Plaintiff Randy Smith, as local chairman of GCA Local No. 674 and secretary-treasurer of the GCA, was present at this and subsequent meetings in September and November of 1988. Id. at ¶¶ 14 & 17. By letter, on December 13, 1988 McLaughlin informed plaintiff and the other concerned local chairmen that the merger implementing agreement had been signed on December 9, 1988. Defendants' Exh. 5. The letter stated that the final agreement was "very similar to the copy furnished you" at the August and September meetings. Id. In late February, 1989 UP summoned the local chairmen, including plaintiff, to Omaha, Nebraska to prepare consolidated seniority rosters in accordance with the December 9, 1988 agreement. Plaintiff attended *1014 this meeting. Aff. of R.W. Windham at ¶ 21.
Defendants GCA, BLE and UP now move to dismiss plaintiff's complaint or in the alternative for summary judgment. As matters outside the pleadings have been submitted and will be considered, the Court will construe the motions filed by defendants as motions for summary judgment. See Fed.R.Civ.P. 12(h).
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); First Security Savings v. Kansas Bankers Surety Co., 849 F.2d 345, 349 (8th Cir. 1988); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. Holloway v. Lockhart, 813 F.2d 874, 876 (8th Cir.1987); Economy Housing Co. v. Continental Forest Products, Inc., 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:
The inquiry performed is the threshold inquiry of determining whether there is the need for a trial  whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
The first count of the complaint purports to state a hybrid claim for breach of the duty of fair representation against the unions and collusion by the railroad. Plaintiff asserts that the Court has jurisdiction of this claim pursuant to the Railway Labor Act, 45 U.S.C. § 151, et seq. A six-month limitation period applies to claims under section 301 of the Labor Management Relations Act and to claims under the Railway Labor Act, 45 U.S. § 151. Delcostello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (section 301 claims); West v. Conrail, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987) (Railway Labor Act claims) (assuming without deciding that a six month limitations period applies); Beardsly v. Chicago & N.W. Transp. Co., 850 F.2d 1255 (8th Cir.1988) (claim against union under the Rock Island Railroad Transition and Employee Assistance Act, 45 U.S.C. § 1001, et seq. governed by a six-month statute of limitations period); Johnson v. Hussman Corp., 805 F.2d 795, 797 (8th Cir.1986); Hunt v. Missouri Pac. R.R., 729 F.2d 578, 581 (8th Cir.1984) (six-month statute of limitations applies to claim for breach of the duty of fair representation under the Railway Labor Act, 45 U.S.C. § 151, et seq.).
Plaintiff filed his complaint on September 11, 1989. Thus, in order to avoid the bar imposed by the statute of limitations, plaintiff's claim must have accrued no earlier than March 11, 1989. A claim challenging the assignment of seniority rights under a merger implementing agreement accrues when the plaintiff "knew or should have discovered the terms of the agreement." Newton v. Chicago & North Western Transp. Co., 119 L.R.R.M. 3399, 3402, 1985 WL 56741 (S.D.Iowa 1985), aff'd in relevant part sub nom.; Beardsly v. Chicago & North Western Transp. Co., 850 F.2d 1255, 1265 (8th Cir.1988), cert. denied sub nom., Brotherhood of Locomotive Engineers v. Newton, 489 U.S. 1066, 109 S.Ct. 1341, 103 L.Ed.2d 810 (1989). See also Alcorn v. Burlington Northern R.R., 878 F.2d 1105, 1108 (8th Cir.1989).
On the basis of the record before it, the Court finds that plaintiff's unfair representation claim accrued prior to March 11, 1989. On December 13, 1988 plaintiff was informed that the merger implementing agreement had been signed and that the agreement consolidated seniority rights on the basis of work equity allocations, rather *1015 than prior rights because such rights "did not conform to Section 34(d)-Standing Rules." Windham Aff. ¶¶ 18, 19, Exs. 4, 5. The December 13, 1988 letter therefore put plaintiff on notice that the BLE had unequivocally rejected his position with respect to the allocation of seniority rights. The fact that plaintiff may not have received a copy of the final agreement until March 28 or 29, 1989 does not alter this determination. See Windham Aff. ¶ 22. Plaintiff's knowledge of the terms of the agreement rather than his possession of a copy of the agreement is the determinative factor here. It is undisputed that plaintiff had knowledge of the terms of the agreement regarding seniority as early as four days after the agreement was signed. Any doubts plaintiff may have had concerning seniority rights under the agreement must have been resolved no later than February 22, 1989 when he participated in compiling seniority rosters in accordance with the terms of the agreement.
On the basis of the foregoing, the Court concludes that the claim of unfair representation in Count I of plaintiff's complaint is barred by the six-month statute of limitations.
In Count II of his complaint plaintiff alleges that the union defendants breached their obligations under sections 101(a)(1) and 2 and section 501 of the LMRDA by consolidating the seniority districts and rosters pursuant to a work equity allocation. Specifically, plaintiff asserts that the union defendants failed to consult with union members before entering into the agreement and interpreted the union constitution so as to "prevent or hinder need of responsiveness of such executive officers to the membership." Compl. ¶ 19. Plaintiff further alleges that defendant UP "contrived and colluded" with the union defendants to deprive plaintiff and other similarly situated workers of their seniority rights. Id. at ¶ 20.
With respect to plaintiff's assertion that defendants have breached an obligation imposed by 29 U.S.C. § 501, the Court concludes that this allegation fails to state a claim upon which relief may be granted. Section 501 of the Labor Management Reporting and Disclosure Act imposes liability on individual union officials for breach of certain fiduciary responsibilities. See Pignotti v. Local 3 Sheetmetal Workers Int'l Ass'n, 477 F.2d 825, 832 (8th Cir.), cert. denied, 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973); Millinery Workers' Union, Local 55/56 v. United Hatters, Cap & Millinery Workers' Int'l Union, 495 F.Supp. 60, 63-64 (E.D.Mo.1980). Plaintiff has not named individual union officials as defendants but instead asserts a claim against the labor organizations GCA and BLE. For this reason, plaintiff's claim under section 501 must be dismissed.
Upon consideration of plaintiff's allegations that the union defendants violated 29 U.S.C. § 411(a)(1) & (2) by failing to consult with him and other union members before entering into the merger implementing agreement, the Court concludes that defendants are entitled to judgment as a matter of law. Sections 411(a)(1) & (2) guarantee union members equal voting rights and rights of free speech and assembly "subject to reasonable rules and regulations in the organization's constitution and by laws." 29 U.S.C. § 411(a)(1); see also 29 U.S.C. § 411(a)(2) (providing that "nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules ...").
Defendants contend that this claim should be dismissed for lack of subject matter jurisdiction because the ICC has primary jurisdiction over claims "raising interpretational questions concerning the protective conditions imposed by the ICC." The doctrine of primary jurisdiction generally requires submission of claims challenging the application of ICC orders to the administrative agency. However, in Augspurger v. Brotherhood of Locomotive Engineers, 510 F.2d 853, 858 (8th Cir.1975), the Eighth Circuit recognized an exception to the primary jurisdiction doctrine for bonafide claims of unfair representation. In order to invoke the exception and avoid the primary jurisdiction doctrine, plaintiffs must do more than present conclusory allegations *1016 of bad faith or discrimination. Id. at 859; see also Anderson v. United Transp. Union, 557 F.2d 165, 168 (8th Cir. 1977).
A complaint sufficient to state a claim of unfair representation must have more than conclusory statements alleging discrimination. In particular plaintiffs must make a showing that the action or inaction ... complained of was motivated by bad faith, for the gravamen of the rule is "hostile discrimination." An allegation that certain conduct of the [Union] ... is "invidious" and discriminatory without a concomitant identification of lack of good faith, will not set forth a claim sufficient to call for the use of the Steele doctrine.
Augspurger, 510 F.2d at 859 (quoting Gainey v. Brotherhood of Railway & Steamship Clerks, 313 F.2d 318, 323 (3d Cir. 1963)).
Upon reviewing plaintiff's complaint the Court finds allegations of invidious and discriminatory conduct by the union defendants. These allegations are, however utterly conclusory. In his complaint plaintiff offers no factual support for these bald assertions nor has he come forward with factual support by way of a response to defendants' motions for summary judgment. This paucity of factual support leads the Court to conclude that plaintiff's claims of invidious and discriminatory treatment are without merit.
Defendants further contend that BLE's constitution and bylaws do not provide for ratification of merger implementing agreements by a vote of union members. The pertinent provisions of the Union constitution and by laws are Section 34(a)(1)D and 45(b)-Standing Rules.
Section 45(b) sets forth procedures for the ratification of local working agreements governing rates of pay, rules and working conditions. See Defendants' Exh. 11. Section 34(a)(1)D, which applies specifically in the merger context, vests authority in the General Chairman and officers assigned by him to reorganize seniority rosters, on an equitable basis, in the event of a merger. See Defendants' Exh. 1. Defendants have offered uncontroverted evidence that since 1982, the Union has interpreted Section 45(b) and Section 34(a)(1)(D) as mutually exclusive provisions. See Defendants' Exh. 12. Pursuant to this interpretation, section 34(a)(1)(D) supersedes section 45(b) in the merger context rendering ratification of the merger implementing agreement unnecessary. Id.
Absent bad faith or a "patently unreasonable" interpretation, courts must defer to the judgment of union officials concerning the proper interpretation of the union's constitution and by-laws. American Train Dispatchers Ass'n v. Union Pacific R.R., 679 F.Supp. 1535, 1543 (W.D.Mo.1987) (citing Newell v. International Bhd. of Elec. Workers, 789 F.2d 1186, 1189 (5th Cir. 1986)); see also Motion Picture & Videotape Editors Guild, Local 776 v. Local 695, 800 F.2d 973, 975, reh'g denied, 806 F.2d 1410, (9th Cir.1986), cert. denied, 483 U.S. 1022, 107 S.Ct. 3267, 97 L.Ed.2d 765 (1987). As noted above, plaintiff has offered no factual support for his allegation that union officials acted in bad faith or contorted the Union's constitution and bylaws to achieve their own ends. The uncontroverted evidence of record indicates that the interpretation given in this instance to the relevant constitutional provisions is wholly consistent with the Union's prior practice. Therefore, the Court concludes that defendants are entitled to judgment as a matter of law with respect to this claim.
Having concluded that defendants are entitled to judgment as a matter of law with respect to each of plaintiff's claims, the Court denies as moot the outstanding requests for class certification and to strike jury demand.

ORDER AND JUDGMENT
Pursuant to the memorandum filed on this date and incorporated herein, IT IS HEREBY ORDERED that defendants' motions to dismiss, or in the alternative for summary judgment, shall be and they are granted. Accordingly,
*1017 IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment shall be and it is entered in favor of defendants, General Committee of Adjustment of Union Pacific Eastern Region, International Brotherhood of Locomotive engineers and Union Pacific Railroad.
IT IS FURTHER ORDERED that defendants' motion to strike jury demand shall be and it is denied as moot.
IT IS FURTHER ORDERED that plaintiff's motion for class certification shall be and it is denied as moot.