William CALVERT; Patti Jo
Calvert, Appellants,

v.

TRANS WORLD AIRLINES, INC.;
Carl C. Icahn, Appellees.

No. 91–1928.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1991.

Decided March 17, 1992.

Gary A. Growe, Clayton, Mo. (Donald L. Schlapprizzi and Sheldon C. Weinhaus, St. Louis, Mo., on brief), for appellants.

Thomas C. Walsh, St. Louis, Mo. (Larry M. Bauer and Paul W. Lebar, St. Louis,

Mo., and Michael A. Katz, Mt. Kisco, N.Y., on brief), for appellees.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,* District Judge.

FAGG, Circuit Judge.

William and Patti Jo Calvert brought this action against Trans World Airlines, Inc. and Carl C. Icahn (collectively TWA) asserting a number of state law tort claims arising out of William Calvert's employment with TWA. The district court dismissed the action for lack of subject matter jurisdiction, holding the Railway Labor Act (RLA), 45 U.S.C. §§ 151–188 (1988), preempts the Calverts' state law claims and requires the Calverts to pursue their claims through available statutory grievance processes. We affirm.

The Calverts contend that after William Calvert joined other TWA pilots in a labor dispute against TWA and the pilots' union, the Air Line Pilots Association (ALPA), TWA retaliated with "a campaign of harassment and intimidation." Specifically, the Calverts contend TWA declared Calvert unfit to fly, relieved him of his flying responsibilities, and required him to undergo a psychiatric examination in California the day before he was scheduled to provide deposition testimony in St. Louis as part of the labor dispute. The Calverts brought this action contending TWA intentionally inflicted severe emotional distress on William Calvert in retaliation for his participation in the labor dispute. The district court concluded the Calvert's claims related to William Calvert's working conditions and thus implicated the terms of TWA and the ALPA's collective bargaining agreement, which covered William Calvert as a member of the ALPA. The district court then dismissed the Calvert's complaint as preempted by the RLA, which mandates compulsory arbitration of "minor disputes" involving employee working conditions. *See* 45 U.S.C. § 184; *Pittsburgh & Lake Erie R.R. v. Railway Labor Executives'* *Ass'n,* 491 U.S. 490, 496 n. 4, 109 S.Ct. 2584, 2589 n. 4, 105 L.Ed.2d 415 (1989).

On appeal the Calverts contend their claims do not arise from William Calvert's working conditions or the collective bargaining agreement between the ALPA and TWA. Instead, the Calverts characterize their claims as ordinary state law tort claims that do not require an interpretation or application of the collective bargaining agreement. Thus, the Calverts contend the RLA does not preempt their claims and the district court committed error in dismissing their complaint.

For its part, TWA denies retaliating against William Calvert for participating in the labor dispute. TWA claims it merely exercised its right to ensure the health and competency of its pilots as authorized under the terms of the collective bargaining agreement. TWA thus contends the district court properly dismissed the Calverts' complaint as a minor dispute over working conditions that is preempted under the RLA.

■ As evident from the parties' contentions, whether the RLA preempts the Calverts' state tort claims depends on the classification of the dispute between the parties. *Sheet Metal Workers' Int'l Ass'n v. Burlington N. R.R.,* 893 F.2d 199, 202 (8th Cir.1990). Under the RLA and the parties' collective bargaining agreement, the Airline Pilots' System Board of Adjustment (Adjustment Board) has exclusive jurisdiction to arbitrate minor disputes. *de la Rosa Sanchez v. Eastern Airlines, Inc.,* 574 F.2d 29, 31–32 (1st Cir.1978). "A minor dispute is one involving the interpretation or application of an existing collective bargaining agreement." *Deford v. Soo Line R.R.,* 867 F.2d 1080, 1085 (8th Cir.), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989). On appeal, we review de novo the district court's grant of summary judgment and conclusion that the Calverts' claims arise from a minor dispute under the RLA. *Brotherhood Ry. Car-*

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

*men v. Missouri Pac. R.R.*, 944 F.2d 1422, 1428 (8th Cir.1991).

In this case, TWA maintains it had the right under the parties' collective bargaining agreement to require William Calvert to undergo medical testing after Calvert disclosed during the labor dispute that he "had a difficult time dealing with the stress [caused by the labor dispute,] ... [had] already lost approximately 10 pounds and [had] incurred a 20 point increase in [his] systolic blood pressure." Section 16 of the parties' collective bargaining agreement provides that "[a] pilot shall not be required to submit to any Company physical examinations ... without the pilot's consent unless it is apparent that the pilot's health or physical condition is seriously impaired." The agreement further provides that TWA shall furnish transportation and an expense allowance to pilots required to take an examination away from the pilot's domicile. TWA contends that under these provisions of the collective bargaining agreement, TWA had the right to suspend William Calvert's flight status and require him to submit to physical and psychiatric examinations to ensure he could safely perform his duties as a pilot. Thus, TWA takes the position that the Calverts' claims arise from the interpretation and application of the collective bargaining agreement, and the RLA preempts the Calverts' claims as a minor dispute subject to arbitration before the Adjustment Board. We agree.

"[When] an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective bargaining agreement." *Consolidated Rail Corp. v. Railway Labor Executives Ass'n*, 491 U.S. 299, 307, 109 S.Ct. 2477, 2482, 105 L.Ed.2d 250 (1989). The Calverts contend TWA required William Calvert to submit to medical testing solely as a means of harassment and intimidation, and not because of any concern over William Calvert's health or physical condition. Nevertheless, section 16 of the collective bargaining agreement specifically addresses TWA's ability to require its pilots to undergo medical testing,

and TWA denies any wrongful purpose in enforcing its rights against William Calvert under this section. Based on the summary judgment record, TWA's position is not frivolous and TWA's actions were at least arguably justified by section 16 of the collective bargaining agreement. *Id.; see also Brotherhood Ry. Carmen*, 944 F.2d at 1427 (employer has burden to show its claims are not frivolous or patently insubstantial, but this burden is relatively light). Thus, contrary to the Calverts' contention, the Calverts' claims arise out of William Calvert's working conditions and implicate the terms of the collective bargaining agreement. We conclude the district court properly dismissed the Calverts' complaint as preempted by the RLA.

The Calverts contend the "outrageous conduct" exception to preemption applies in this case. *Farmer v. United Bhd. of Carpenters & Joiners*, 430 U.S. 290, 301–06, 97 S.Ct. 1056, 1064–66, 51 L.Ed.2d 338 (1977). We disagree. The Calverts cannot avoid the wide breadth of RLA preemption merely by characterizing TWA's actions as "relentless" and "outrageous." In this case, the record contains no evidence of particularly abusive conduct by TWA rising to the level of outrageousness contemplated by *Farmer*. *See id.* at 305–06, 97 S.Ct. at 1065–66; *Deford*, 867 F.2d at 1088. In any event, the outrageous conduct exception created in *Farmer* does not apply when "there is a realistic threat of interference with the federal regulatory scheme." 430 U.S. at 305, 97 S.Ct. at 1065. "[T]he RLA has made *any* grievance arising out of the collective bargaining agreement subject to the exclusive arbitral remedies" of the Adjustment Board. *Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045, 1052 (7th Cir.1983), *cert. denied*, 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984). It thus follows that a state tort action based on a dispute within the scope of the collective bargaining agreement would likely impinge on the Adjustment Board's exclusive jurisdiction. *See id.*

Finally, the Calverts contend the district court committed error in dismissing their complaint because any attempt to

seek relief before the Adjustment Board would be futile. The Calverts assert that because William Calvert is involved in a labor dispute against the ALPA, the Calverts cannot rely on the ALPA to represent them against TWA in this matter. This contention is without merit. The outcome of the labor dispute against the ALPA has little or no bearing on the Calverts' claims against TWA. Furthermore, the record contains no evidence to suggest the ALPA has failed adequately to represent union members in the past, and a potential conflict between the ALPA and William Calvert does not alone render the proceedings before the Adjustment Board futile.

We have considered the Calverts' remaining contentions, but do not believe they merit discussion. Likewise, we need not address the Calverts' contention that the district court committed error in denying the Calverts' motion to remand this case to the state court.

Accordingly, we affirm.