Carl SIMMONS, Plaintiff–Appellant,

v.

Carl MOODT, Thomas Hecker,
Defendants,

Terrace Health Care Center, Inc.,
Gilda Dentico, Shirley Flores,
Defendants–Appellees.

Docket No. 02–7042.

United States Court of Appeals,
Second Circuit.

June 10, 2002.

Carl Simmons, pro se, Bronx, NY, for Appellant.

Donald M. Spector, Kreitzman, Mortensen, Simon & Irgang, New York, NY, for Appellees.

Present STRAUB, SOTOMAYOR, Circuit Judges, and GOLDBERG, Judge.*

*SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED AND REMANDED.

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Plaintiff–Appellant Carl Simmons, *pro se*, appeals from a judgment filed on November 15, 2001, in the United States District Court for the Southern District of New York (Richard C. Casey, *Judge*), granting the motion of Defendants–Appellees Terrace Health Care Center, Inc. ("Terrace"), Gilda Dentico, and Shirley Flores, and Defendants Thomas Hecker and Carl Moodt, to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Simmons was employed by Terrace prior to his termination on July 16, 1999. In April 2000, through his union, he filed a grievance with the National Labor Relations Board ("NLRB"), alleging that he was terminated for discriminatory reasons. This complaint proceeded to arbitration, and the arbitrator ultimately denied the claim on March 27, 2001. During roughly the same period that Simmons filed his NLRB claim, in the spring of 2000, he contacted the New York City Commission on Human Rights ("NYCCHR") regarding the filing of a discrimination complaint with the NYCCHR. According to a letter submitted by the NYCCHR to the District Court, a representative of the NYCCHR spoke with Simmons in the spring of 2000 and told him that he "could wait for [the arbitration] result before filing a discrimination complaint" with the NYCCHR or the EEOC, and that "if the arbitration did not result in reinstatement or if he change[d] his mind, [Simmons] could file a discrimination complaint." Simmons did not file a complaint with the NYCCHR. Eventually, on February 27, 2001, Simmons filed a charge of discrimination against Terrace with the Equal Employment Opportunity Commission ("EEOC"). The EEOC promptly found that Simmons' charge was untimely, closed its file, and issued Simmons a right-to-sue letter.

In March 2001, Simmons filed his *pro se* complaint in this case, alleging that Terrace and the individual employee defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* In a bench ruling that was incorporated into a judgment filed November 15, 2001, the District Court dismissed Simmons' complaint, reasoning that (1) Simmons did not timely file a discrimination charge with the EEOC; (2) the doctrine of equitable tolling did not apply; and (3) the individual employee defendants were not subject to liability under the ADA.

We review *de novo* the District Court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002). In doing so, we accept as true "all the material allegations of the complaint and will not affirm the dismissal unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citation and internal quotation marks omitted). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998) (citation omitted). For the reasons set forth below, we vacate the District Court's decision to dismiss the action based upon Simmons' failure to file a timely discrimination claim with the EEOC.

A prerequisite to the filing of a complaint under the ADA is the filing of a discrimination claim with the EEOC within 300 days of the allegedly discriminatory action. *See* 42 U.S.C. §§ 2000e–5(e)(1), 12117(a); *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999); *Ford v. Bernard Fineson Dev. Ctr.,* 81 F.3d 304, 307 (2d Cir.1996). Simmons stated in his com-

plaint that he was notified of his termination on July 16, 1999. Thus, when Simmons filed his charge with the EEOC on February 27, 2001, it was clearly more than 300 days after the allegedly discriminatory action.

However, it is unclear, based on the record before us, whether Simmons' filing deadline should be equitably tolled. The content of the NYCCHR's letter suggests that its personnel might have misled Simmons regarding the applicable filing deadline. Although the District Court found that the letter "does not provide the necessary level of evidence to suggest that the timely filing requirement was excused, waived, or tolled," the letter expressly stated that the NYCCHR's office records were inaccessible at the time due to the aftermath of the events of September 11, 2001, and that those records would support the account of events described in the letter. Furthermore, the appendix filed by Simmons on this appeal contains a one-page notice published by the NYCCHR, titled "Important Information About Your Federal Rights In Complaints Alleging Employment Discrimination" and stating in relevant part:

> Pursuant to a work-sharing agreement with the United States Equal Employment Opportunity Commission, the New York City Commission on Human Rights is also authorized to file and process complaints alleging violations of two federal laws: Title VII of the Civil Rights Act of 1964 … and the Americans with Disabilities Act of 1990. If you meet certain jurisdictional requirements, you may file a claim at the New York City Commission on Human Rights under the New York City Human Rights Law and one or both of these federal laws; this process is called dual-filing. Although most dual-filed claims are investigated by the New York City Commission on Human Rights, dual-fil-

> ing preserves your right to file a lawsuit in federal court alleging violations of Title VII and/or the Americans with Disabilities Act.

Although this document apparently was not part of the record before the District Court, it underscores the relevance of whatever work-sharing agreement existed between the NYCCHR and the EEOC. We have held previously that such work-sharing agreements may affect the filing requirements for ADA claims. *See Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 325–28 (2d Cir.1999). Depending on the nature of the work-sharing relationship between the NYCCHR and the EEOC, the NYCCHR's advice to Simmons might be imputed to the EEOC and potentially could effect a tolling of the filing deadline.

Accordingly, we vacate the judgment of the District Court and remand for further consideration. We direct the District Court to determine: (1) whether Simmons contacted the NYCCHR about his complaint within the 300–day period; (2) if so, whether Simmons was actually misled by the NYCCHR personnel; (3) if the answers to the first two questions are affirmative, whether a factual basis exists to link the actions of the NYCCHR and the EEOC so that the former's actions implicate the latter; (4) whether a legal basis exists to hold that the NYCCHR's advice to Simmons would effect a tolling of the filing deadline, *see, e.g., Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 891 (2d Cir.1995); *Long v. Frank,* 22 F.3d 54, 58 (2d Cir.1994), *cert. denied,* 513 U.S. 1128, 115 S.Ct. 938, 130 L.Ed.2d 883 (1995); *cf., e.g., Lawrence v. Cooper Communities, Inc.,* 132 F.3d 447, 451–52 (8th Cir.1998); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 81 (7th Cir.1992); and (5) if the deadline is tolled, whether Simmons'

claim was timely filed with the EEOC.**

Because a finding on remand that Simmons' complaint was untimely necessarily would result in dismissal of the complaint in its entirety, at this time we need not reach the issue of individual liability under the ADA.

For the reasons discussed, the judgment of the District Court is hereby VACATED AND REMANDED.

** Because, depending on the outcome of one or more of these factual inquiries, the plaintiff appears to have some chance of success on his equitable tolling argument, the District Court should also consider whether to appoint counsel. *See Hodge v. Police Officers,* 802 F.2d 58, 60–62 (2d Cir.1986). We leave it to the District Court to make that determination in the first instance.