Carl SIMMONS, Jr., Plaintiff–Appellant,

v.

LOCAL UNION 1199/SEIU–AFL–CIO, Union President, Allen Sherman, Jay Sackman, Radhames Rivera, George Gresham, Neva Shillingford, and Shirley Flores, Defendants–Appellees.

Docket No. 02–7350.

United States Court of Appeals, Second Circuit.

Dec. 31, 2002.

Carl Simmons, Jr., pro se, Bronx, NY, for Appellant.

Richard Lee Dorn, Levy, Ratner & Behroozi, (Carl J. Levine, on the brief), New York, NY, for Appellee.

Present WALKER, Chief Judge, LEVAL and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **VACATED AND REMANDED.**

Plaintiff-appellant Carl Simmons, Jr., appeals from the March 8, 2002 judgment granting the motion of defendant-appellees Local Union 1199/SEIU–AFL–CIO (the "Union"), Allen Sherman, the Union's President, and Union officials Jay Sackman, Radhames Rivera, George Gresham, Neva Shillingford, and Shirley Flores to dismiss Simmons' complaint alleging that the Union failed to properly represent him in connection with his allegedly discriminatory discharge from his job with Terrace Health Care Center, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* The district court determined that Simmons' ADA claim was time-barred because he had failed to timely file a complaint with the Equal Employment Opportunity Commission (the "EEOC"). The district court further held that even construing Simmons' *pro se* complaint liberally as assert-

ing that the defendants breached the Union's duty of fair representation, such a claim was also time-barred because Simmons had failed to file his complaint within six months of when he knew or reasonably should have known about the breach. For the reasons that follow, we vacate the district court's decision and remand for further proceedings.

We review a district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) *de novo. See Weixel v. Bd. of Educ. of New York*, 287 F.3d 138, 145 (2d Cir.2002). A complaint should not be dismissed under Rule 12(b)(6) unless the district court, after assuming that all well-pleaded allegations contained in the complaint are true, finds that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Wright v. Ernst & Young, LLP*, 152 F.3d 169, 173 (2d Cir.1998); *Bolt. Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir.1995).

According to Simmons's complaint, he suffered an adverse employment action on "7–15–99 & 7–16–99," which is the date Simmons was terminated from his job at Terrace Health Care Center. Simmons complains that the Union representative was not present during his discharge but nevertheless signed a resignation letter the employer alleged was signed by Simmons. On April 14, 2000, Simmons filed an NLRB charge against the Union for failing to process his grievance concerning his allegedly discriminatory discharge. The NLRB dismissed the charge as meritless on October 27, 2000, and Simmons does not dispute defendants' assertion that his appeal of the dismissal was denied on February 14, 2001. Meanwhile, the Union filed a grievance against Terrace Health Care Center on Simmons' behalf on April 25, 2000, shortly after Simmons filed his complaint with the NLRB. An arbitration hearing was held on the claim on February 15, 2001. Defendants assert that an arbitration decision ruling against Simmons was filed on March 27, 2001. Simmons' complaint appears to allege that the Union failed to pursue the arbitration properly, failed to comply with its own procedures, and failed to provide him with proper representation. The complaint further alleges that the arbitration hearing held on February 15, 2001 was a "false hearing" because the employer had previously indicated its unwillingness to arbitrate Simmons' grievance.

■ The district court dismissed Simmons' ADA claim on the ground that he had failed to file a timely complaint with the EEOC. In order to file an action in federal court alleging an unlawful employment decision under the ADA, a plaintiff must first have filed a charge with the EEOC "within three hundred days after the alleged employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *see* 42 U.S.C. § 12117(a); *Harris v. City of New York*, 186 F.3d 243, 247 n. 2 (2d Cir.1999). Simmons filed his complaint with the EEOC, alleging discrimination by the Union on the basis of disability, on February 27, 2001. Therefore, any claims arising before May 4, 2000 would ordinarily be untimely under the ADA.

■ On appeal Simmons appears to argue primarily that he should be granted equitable tolling because, as corroborated by the October 24, 2001 letter from the New York City Commission on Human Rights (the "NYCCHR") filed in connection with his law suit against Terrace Health Care Center, Simmons was interviewed by Alonso Myers, a Human Rights Specialist at the NYCCHR, on March 28, 2000 concerning his complaint of discriminatory discharge by his employer. Simmons apparently told Myers that he was waiting to have an arbitration hearing, and was informed by Myers that he could wait

until the arbitration was concluded before filing a charge with the EEOC. In Simmons' appeal of the dismissal of his claims against Terrace Health Care Center, we held that the alleged misinformation provided by the NYCCHR might be grounds for equitably tolling Simmons' claims against his employer and remanded to the district court for further proceedings. *See Simmons v. Moodt,* 36 Fed.Appx. 676, 678–79, 2002 WL 1275535, at *2–3 (S.D.N.Y. June 10, 2002). Our reasoning in *Moodt* is equally applicable here. *See id.* Accordingly, we vacate the dismissal of Simmons' ADA claim against the Union and remand to the district court to reconsider the issue of equitable tolling. Specifically, in line with our decision in *Moodt,* we direct the district court to determine:

(1) whether Simmons contacted the NYCCHR about his complaint against his employer or the Union within the 300–day period; (2) if so, whether Simmons was actually misled by NYCCHR personnel with respect to filing an EEOC charge against the Union; (3) if the answers to the first two questions are affirmative, whether a factual basis exists to link the actions of the NYCCHR and the EEOC so that the former's actions implicate the latter; (4) whether a legal basis exists to hold that the NYCCHR's advice to Simmons would effect a tolling of the filing deadline, *see, e.g., Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 891 (2d Cir.1995); *Long v. Frank,* 22 F.3d 54, 58 (2d Cir.1994); *cf., e.g., Lawrence v. Cooper Communities, Inc.,* 132 F.3d 447, 451–52 (8th Cir.1998); *Early v. Bankers*

*Life & Cas. Co.,* 959 F.2d 75, 81 (7th Cir.1992); and (5) if the deadline is tolled, whether Simmons' claim against the Union was timely filed with the EEOC.[1]

The district court properly considered whether Simmons' *pro se* complaint should be liberally construed to allege a claim that the Union breached its duty of fair representation, in violation of the Labor Management Relations Act, § 301, 29 U.S.C. § 185. *See Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620 (2d Cir.1999). We disagree, however, with the district court's conclusion that this claim is time-barred as a matter of law. To state a claim for a breach of the duty of fair representation under the LMRA, a plaintiff must allege that a union's actions in representing or failing to represent the plaintiff were arbitrary, discriminatory, or in bad faith. *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The limitations period on a duty of fair representation claim is six months. *See West v. Conrail,* 481 U.S. 35, 37, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). The cause of action accrues "no later than the time when plaintiff[ ] knew or reasonably should have known that such a breach had occurred, even if some possibility of nonjudicial enforcement remained." *Santos v. Dist. Council,* 619 F.2d 963, 969 (2d Cir.1980). The district court concluded that Simmons reasonably should have known about the Union's alleged breach of duty no later than when Simmons filed his complaint against the Union with the NLRB in April 2000. After Simmons filed his complaint with the NLRB, however, the Union filed

---

1. We note that Simmons's complaint states that the defendants "are still committing these [discriminatory] acts against me." Such a conclusory assertion is not sufficient to withstand a Rule 12(b)(6) dismissal. Because Simmons is acting *pro se,* however, should the court on remand find that equita-

ble tolling does not apply, the court might find it appropriate under our usual practice to give Simmons an opportunity to amend his complaint to allege facts in support of that allegation. *See, e.g., Cruz v. Gomez,* 202 F.3d 593, 598 (2d Cir.2000).

a grievance on his behalf and proceeded to arbitration. Given the possibility that Simmons could reasonably have believed that the Union's filing of the grievance would cure its earlier alleged breach, and that he appears to have been dissatisfied with the Union's representation in connection with the arbitration proceedings, *cf. id.* (holding that cause of action accrued as of date of arbitration award, which is when knowledge of breach in connection with arbitration would be inferred); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 163 (2d Cir.1989), the district court's conclusion as to when Simmons knew or reasonably should have known about the breach constituted impermissible fact-finding at the pleading stage. *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (a district court must confine its consideration on a Rule 12(b)(6) motion "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."). Accordingly, we vacate and remand this claim for further proceedings as well.

Finally, we do not reach the issue of individual liability under the ADA because it was not addressed by the district court below and a finding on remand that Simmons' complaint was untimely would necessarily result in dismissal of the complaint in its entirety.

For the reasons set forth above, the judgment of the district court is hereby **VACATED AND REMANDED.**